Byrne v. O'Neill.

---

HARRY BYRNE
v.
J. D. O'NEILL.

*Judgments—Motion to Set Aside—Practice—Continuance—Absence of Party to Suit.*

Upon motion to set aside a judgment, and for a new trial, said judgment having been rendered in the absence of petitioner, a party to the suit, it clearly appearing that such absence was due to a misunderstanding on his part, this court declines to interfere with the judgment against him.

[Opinion filed February 12, 1890]

APPEAL from the Superior Court of Cook County; the Hon.
KIRK HAWES, Judge, presiding.

Messrs. JONES & LUSK, for appellant.

Messrs. GARTSIDE & LEFFINGWELL, for appellee.

*Per Curiam.* The trial of this case was entered upon before
the judge, a jury being waived, and when partially heard the
further hearing was, by agreement of the parties, postponed
till notice should be given either side to resume the trial.

Appellant and his counsel consulted as to when it should be
tried, and by appellant's direction his counsel gave notice to
take up the case on a particular day. When that day came
appellee was in attendance with his counsel, and appellant's
counsel was present, but appellant was absent, and his counsel
was unable to suggest to the court any ground or reason for
his absence. Under such circumstances the court refused to
further postpone the trial, and proceeded to hear the evi-
dence and render a judgment thereon against appellant.

A motion was afterward made by appellant to set aside
said judgment, and for a new trial, which motion was over-
ruled by the court, and it is from said ruling that this appeal
is prosecuted. We have examined the affidavits filed in sup-
port of said motion, and they disclose that appellant's absence
was due to a misunderstanding between himself and his attor-
ney, as to whether he should be notified that the trial would
proceed on the day for which notice had been given. This
misapprehension was the fault of appellant or his counsel;
most probably wholly his own, and certainly not the fault of
the other side. There was a clear lack of diligence due to
inattention and negligence, for which alone appellant was
responsible, and which is in no manner excused. Under such
conditions it would require a case to be made out on the mer-
its, so clear that there could be little doubt of the inequality
of the judgment, before a court would be called on to set
aside the judgment. The affidavits showing appellant's mer-
its make out no such case. It is by no means clear from the

facts stated in them, that appellant had a complete defense to appellee's claim. We are of opinion on a careful examination of all the points presented, that the refusal of the court to set aside the judgment against appellant was not an abuse of the discretion which the judge was called upon to exercise, and unless the course of the trial court on such a matter amounts to an abuse of discretion, there is no basis for the interference of a reviewing court.

The judgment must be affirmed.

*Judgment affirmed.*